IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY S. WHETSTONE,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD J. DEBLASIO,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)  Civil Action No. 23-447<br>)  Judge Nora Barry Fischer<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff Larry S. Whetstone has been granted in forma pauperis status to prosecute this legal malpractice case against his former lawyer, Richard J. Deblasio. After careful consideration of the Complaint and screening the allegations pursuant to 28 U.S.C. § 1915(e), and for the following reasons, Plaintiff's Complaint will be dismissed, without prejudice, for lack of subject matter jurisdiction.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein

there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

Plaintiff utilizes the Non-Prisoner Form Complaint for Violation of Civil Rights to set forth his claims against Richard Deblasio. He acknowledges that both he and Deblasio are citizens of Pittsburgh, Pennsylvania and has not filled out the portion of the form titled "Basis for Jurisdiction." The "Statement of Claim" section of the form indicates that the events giving rise to the claim took place at a Worker's Compensation trial hearing on December 18, 2018 at 12:45 p.m. Plaintiff further notes the following as facts supporting his claim:

      1) I sustained a worked (sic) related injury.
      2) I obtained counsel from attorney Richard Deblasio.
      3) He failed to represent me properly in my workers comp claim.
          3a) This case shows a conflict of interest, because he worked for the defense counsel prior to my claim.
          3b) He didn't show any concern of getting me a more respectable and deserved settlement against his prior employer.
          3c) He intentionally trick (sic) me into signing an invalid employment release agreement

As to "Injuries," Plaintiff states "I have encountered serious emotional damages because of his actions. I have been unable to get the required medical treatment needed." With respect to relief, Plaintiff avers "I'm requesting 1.5 million dollars for financial, punitive, and emotional damages sustained from his actions. I would like to ask the court to allow me to obtain financial advise (sic) for a more accurate figure."

Plaintiff states in his Civil Cover Sheet that this is a federal question case and selects "Other Civil Rights" as the basis of suit, listing ADAA and ADEA Acts as his causes of action. (Docket Nos. 1-1). However, the allegations in Plaintiff's Complaint against his former lawyer, Richard Deblasio, make clear that he is pursuing state law claims for legal malpractice and/or breach of fiduciary duty which simply do not involve a federal question under 28 U.S.C. § 1331. *See e.g., Tidwell v. Bembry*, 133 F. App'x 26, 27 (3d Cir. 2005) (noting that claims of legal malpractice do not give rise to a federal question). He likewise admits that Deblasio was his attorney such that he has not plausibly stated a claim that the cited employment discrimination laws were somehow violated. Hence, there is no basis for the exercise of federal question jurisdiction in this case.

The Court further finds that Plaintiff has likewise failed to show that the Court may exercise diversity jurisdiction over this case because he admits that both he and Deblasio are citizens of Pennsylvania. *See Collins v. Epstein*, 734 F. App'x 145, 147 (3d Cir. 2018) (dismissing legal malpractice claims brought by Pennsylvania plaintiff against former attorneys who were also

Pennsylvania citizens). Accordingly, the parties are not completely diverse under 28 U.S.C. § 1332.

For these reasons, Plaintiff has not met his burden to establish that this Court has subject matter jurisdiction over this case. *See Collins*, 734 F. App'x at 148 (citing *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("The party asserting diversity jurisdiction bears the burden of proof.")). Therefore, Plaintiff's Complaint will be dismissed, without prejudice, to refiling in the appropriate state tribunal. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court further finds that leave to amend would be futile because the Court lacks subject matter jurisdiction over this action and will not *sua sponte* grant leave to amend in this instance. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see also Collins*, 2018 WL 2068657, at *2, n.2 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: March 31, 2023

cc:   Larry S. Whetstone
      3304 Vernon Ave
      Pittsburgh, PA 15227
      (via certified and first class mail)